### State v. Conley
*[Cite as 6 AOA 148]*

*Case No. 89-CA-40*
*Guernsey County, (5th)*
*Decided August 6, 1990*

*Andy Rocker, City Law Director, P.O. Box 567, 827 Steubenville Avenue, Cambridge, Ohio 43725, for Plaintiff-Appellee.*

*Edward G. Sustersic, 894 National Road, Bridgeport, Ohio 43912, for Defendant-Appellant.*

SMART, J.

This is an appeal from a judgment of the Municipal Court of Cambridge, Guernsey County, Ohio, that found defendant-appellant, Brigitte Conley (appellant), guilty, convicted her, and sentenced her after a plea of no contest to a charge of violating R.C. 2903.13, assault.

Appellant assigns four errors to the trial court:

"I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT PROPERLY INFORMING THE DEFENDANT OF HER RIGHTS AT ARRAIGNMENT, ACCORDING TO CRIMINAL RULES 5(A), 10, 11 AND 44(C).

"II. THE TRIAL COURT ERRED IN NOT INFORMING THE DEFENDANT OF THE EFFECT OF HER PLEA OF NO CONTEST AS MANDATED BY RULE 11(E) OF THE OHIO RULES OF CRIMINAL PROCEDURE.

"III. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING DEFENDANT'S MOTION TO WITHDRAW HER NO CONTEST PLEA, WHEN THE MOTION WAS FILED PRIOR TO A FINDING OF GUILTY BY THE COURT, PRIOR TO SENTENCING, AND WITHOUT AFFORDING HER A FULL HEARING ON HER MOTION.

"IV. THE COURT ABUSED ITS DISCRETION IN FINDING THE DEFENDANT GUILTY, AFTER ADVISING THE DEFENDANT THAT SHE MAY BE FOUND GUILTY OR NOT GUILTY ON A PLEA OF NO CONTEST, AND THE ONLY INFORMATION OFFERED, WAS NOT FROM THE STATE OF OHIO BUT FROM THE DEFENDANT, WHICH SUPPORTS A FINDING OF SELF DEFENSE."

I, II & III

Appellant challenges the procedures surrounding her October 11, 1989 arraignment, asserting that the trial court did not follow the criminal rules.

"Rule 5. Initial Appearance, Preliminary Rearing

"(A) Procedure upon initial appearance.

"When a defendant first appears before a judge he shall permit the accused or his counsel to read the complaint or a copy thereof, and shall inform the defendant:

"(1) Of the nature of the charge against him;

"(2) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant –to Rule 44,

the right to have counsel assigned without cost to himself if he is unable to employ counsel;

"***

"In misdemeanor cases the defendant may be called upon to plead at the initial appearance. Where the defendant enters a plea the procedure established by Rule 10 and Rule 11 applies.

"RULE 10. Arraignment

"(A) Arraignment procedure. Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant may in open court waive the reading of the indictment, information, or complaint. The defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plead.

"***

"(C) Explanation of rights. When a defendant not represented by counsel is brought before a court and called upon to plead, the judge shall cause him to be informed and shall determine that he understands:

"(1) He has a right to retain counsel even if he intends to plead guilty, and has a right to a reasonable continuance in the proceedings to secure counsel.

"(2) He has a right to counsel, and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Rule 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel.

"(3) He has a right to bail, if the offense is bailable.

"(4) He need make no statement at any point in the proceeding, but any statement made can and may be used against him.

"RULE 11. Pleas, Rights Upon Plea

"(A) Pleas. A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest *** .

"(D) Misdemeanor cases involving petty offenses.

"In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.

"The counsel provisions of Rule 44(B) and (C) apply to this subdivision.

"RULE 44. Assignment of Counsel

"***

"(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."

The transcript of proceedings indicates that appellant appeared *pro se* at her arraignment. She did not acknowledge receipt of the complaint, although the record contains a certification by the sheriff that she was served. The record does not demonstrate that she was given a copy by the court; she did not waive a reading of the complaint, and the complaint was not read. The referee did explain the charge briefly to her.

Appellant signed a waiver of her right to an attorney, but did not expressly waive that right in open court. She did acknowledge that she had been informed of her rights and understood them. She then pled no contest. That same day, she signed three documents. One, headed simply "waiver," contains both the waiver of right to counsel and also the written plea of no contest, and consents to imposition of sentence which may include a jail sentence. The second document she signed is a waiver of right to trial by jury that states in pertinent part that appellant "agrees to proceed on a *trial* to the court." (Emphasis ours.) The third document is recognizance bond.

The October 11, 1989 arraignment was conducted before a referee. The referee did not make a determination of guilt at the arraignment. Instead, the matter was continued for the probation report, and appellant was released upon her own recognizance. One of the conditions of the bond that she signed was that she return on October 18, 1989 for "imposition of sentence." The matter was later continued again to November 1, 1989, and appellant in writing waived her right to a speedy trial.

On October 31, 1989, appellant's counsel moved the trial court to permit her to withdraw her no contest plea and to enter a plea of not guilty. The motion alleges that she did not fully understand what rights she had waived, and did not understand that a no contest plea would preclude her right of confrontation and presentation of evidence. The motion also alleges that the complaining witness had contradicted the statements contained in herb affidavit in the complaint.

The record contains a single form checklist sheet that records the appellant's appearance. The upper one-third of the sheet is dated 10-11. It notes that appellant appeared. The block marked

"rights and procedures explained" is checked off. It notes her plea, the referral to the probation officer, and the bond. This presumably is the referee's report to the court of the arraignment proceedings. The referee never signed this report on the line provided for his signature. The balance of the form in the record is undated and is completed in different colored ink. It records the finding of guilty and the sentence, both of which occurred before the judge, not the referee who arraigned appellant. The judge's signature appears below the statement "upon independent review, the above is hereby approved and entered as the order of the court." The judge's signature is undated.

On the same day that the motion to withdraw the plea was made, the trial court, on the strength of the unsigned referee's report containing the bare assertion that appellant had had her rights explained to her, overruled the motion and set the case for sentencing (Judgment Entry of October 31, 1989). Appellant had yet to be found guilty upon the facts and circumstances of the case.

On November 1, 1989, the appellant and her attorney appeared before the trial court. The trial court permitted the attorney to address the court in mitigation. The attorney did so, and then the court found appellant guilty and pronounced sentence.

In the case of *State v. Peterseim* (1980), 68 Ohio App. 2d 211, the Court of Appeals for Cuyahoga County held:

"Although a motion to withdraw a guilty plea, filed after sentence has been imposed, should be granted only to correct manifest injustice, a motion to withdraw filed before sentencing should be freely allowed."

Syllabus, para. 1 by the court.

Here, the motion to withdraw the no contest plea was made before appellant was found guilty or sentenced. We find that the trial court abused its discretion in not sustaining appellant's motion to withdraw her no contest plea.

In the case of *State v. Minor* (1979), 64 Ohio App. 2d 129, the Court of Appeals for Lorain County held:

"The use of someone, other than the trial judge, to explain rights and the effect of various pleas does not relieve the judge of his responsibilities under Crim. R. 11(E) before accepting a plea."

Syllabus, para. 1 by the court.

The trial court here had delegated the responsibility of advising appellant of her rights to the referee, but when that explanation was challenged, the trial court had a duty to independently review it. Appellant had expressly waived her right to an attorney and had entered a written plea of no contest acknowledging that the court could proceed with sentencing. However, she had also signed a waiver of her right to a jury trial and that waiver stated that she wished to proceed with a bench trial. An uncounseled defendant could very well have been confused by these documents and could have thought that she would still be able to present her defense to the court and to cross-examine the complaining witness at the time of the bench trial.

Although appellant was afforded a hearing before actually being found guilty, the trial court had in effect accepted her no contest plea before that hearing. In that hearing, neither the counsel she had selected to represent her nor the trial judge had actually been present at the arraignment. Upon the specific facts of this case, we cannot find that appellant knowingly, voluntarily, and intelligently waived her rights.

The third assignment of error is sustained.

The first and second assignments of error, insomuch as they are remedied by our determination of III, *supra,* are moot.

IV

In her fourth assignment of error, appellant urges that the trial court erred in finding her guilty upon the information offered solely by appellant, and not on any explanation of circumstances offered by the State. She urges that her information would have supported a finding of self-defense.

Because we sustain assignment of error III, this case no longer presents these circumstances, and the assignment of error is moot and overruled accordingly.

For the foregoing reasons, the judgment of the Municipal Court of Cambridge, Guernsey County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and not inconsistent with this opinion.

PUTMAN, P.J., and GWIN, J., concur.