OPINION
Appellant Tyler Grace appeals judgments of the Licking County Common Pleas Court, Juvenile Division, adjudicating him to be delinquent by reasons of two counts of gross sexual imposition, sentencing him to probation, revoking his probation, and committing him to the custody of the Department of Youth Services:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO CREATE A COMPLETE RECORD IN VIOLATION OF JUV. R. 37(A) AND JUV. R. 40(D)(2).
 ASSIGNMENT OF ERROR NO. 2
 TYLER GRACE'S ADMISSIONS WERE NOT KNOWING, INTELLIGENT, AND VOLUNTARY, AS REQUIRED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION, AND JUV. R. 29.
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT VIOLATED TYLER GRACE'S RIGHT TO NOTICE AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN THE RECORD DOES NOT ESTABLISH THAT IT FOLLOWED THE PROPER PROCEDURES FOR PROBATION REVOCATION.
ASSIGNMENT OF ERROR NO. 4
 TYLER GRACE WAS DENIED HIS RIGHT TO COUNSEL IN VIOLATION OF JUV. R. 4, JUV. R. 29, AND JUV. R. 35(B), R.C. 2151.352, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
ASSIGNMENT OF ERROR NO. 5
 TYLER GRACE WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION IN THAT HE WAS ADJUDICATED DELINQUENT WHILE INCOMPETENT TO STAND TRIAL.
On November 24, 1999, a complaint was filed in the Licking County Juvenile Court alleging that appellant was delinquent by reason of two counts of gross sexual imposition, each a felony of the third degree if committed by an adult. On February 2, 2000, appellant entered an admission to both counts, and was adjudicated delinquent. The matter was continued for disposition, and a psychological evaluation and probation report were ordered. On the same day as the magistrate's decision accepting the admission on both counts, appellant signed a waiver of the fourteen day objection period, and the court entered judgment in accordance with the decision of the magistrate.
Appellant was then hospitalized for in-patient psychiatric treatment. On March 10, 2000, the psychological evaluation was completed and filed with the court. The case proceeded to disposition. On June 5, 2000, the court placed appellant on probation and house arrest, and ordered his parents to abide by the Case Plan as set forth by the Licking County MRDD Board.
On August 8, 2000, a complaint alleging that appellant had violated his probation was filed with the court. On August 11, appellant admitted the probation violation. Appellant was committed to the Department of Youth Services for a minimum of six months on each count of gross sexual imposition, to run concurrently. The court granted appellant judicial release from DYS on October 25, 2000.
On March 19, 2001, a second probation violation complaint was filed in juvenile court. On March 20, appellant entered an admission to the violation. Appellant was returned to the custody of the Department of Youth Services for a minimum of six months, and a maximum of until his twenty-first birthday, on each count of gross sexual imposition, with the commitments to run consecutively, and credit for 84 days served.
On August 17, 2001, appellant filed a notice of appeal from the judgments of the court dated February 2, 2000; June 7, 2000; August 11, 2000; and March 20, 2001. The State filed a motion to dismiss the appeal, claiming the appeal was untimely. This court overruled the motion to dismiss.
As an initial matter, we address the issue of the timeliness of the instant appeal. A juvenile court's delinquency proceeding is a civil action requiring compliance with Civ.R. 58 (B). In Re: Anderson (2001),92 Ohio St.3d 63. Civ.R. 58 (B) mandates that, within three days of entering a judgment, the clerk shall serve the parties in a manner prescribed by the rule, and note the service in the appearance docket. Upon serving the notice and entering notation of the service on the docket, service is complete. Id.
A notice of appeal must be filed within thirty days of entry of judgment, or in a civil case, if service is not made within three days of entry of judgment, the time in which service is made on the party. App.R. 4 (A). In the instant case, the judgments of the court include a directive to "CC" appellant; however, there is no reference by the clerk of courts in the appearance docket to service of any of the judgment entries appealed from. While the magistrate's orders reflect that they were personally served on appellant, the orders of the court do not include language of service. Because Civ.R. 58 (B) requires notation of service in the appearance docket in order for service to be deemed complete, the thirty-day time period in which appellant's notice of appeal must be filed did not commence until actual service. While it would appear from the on-going events in the instant matter that appellant was in fact aware of the judgments of the court, the necessary events to trigger his time to appeal did not occur. Accordingly, upon further review, we adhere to our prior decision that the appeal in the instant case is timely as to all judgments referenced in the notice of appeal.
 I
After filing his appeal, appellant requested that a copy of the transcripts of all hearings be prepared at State request. The court granted this request, and ordered that the transcripts be prepared. On August 22, 2001, the parties were notified by a memorandum from the court's administrative secretary, which was filed as part of the record in the instant case, that the February 2, 2000; June 7, 2000; and August 11, 2000 hearings could not be transcribed due to the length of time which had elapsed, as the tapes had been erased. The memorandum notified the parties that the transcript of March 20, 2001 would be prepared. This transcript has in fact been filed with the court. Appellant assigns error to the court's failure to provide a transcript of the prior hearings of the court, specifically the hearing of February 2, wherein he entered an admission to both counts of gross sexual imposition.
Juv. R. 29 (D) provides:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
Juv. R. 37 (A) further provides:
 The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court.
The Ohio Supreme Court has determined that if an appellant fails to provide the record for appeal, courts should presume the regularity of a lower court's proceedings. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. However, the instant case involves the fundamental constitutional right of a juvenile defendant's waiver of his right to trial. The United States Supreme Court has held that a reviewing court cannot presume that a defendant voluntarily, knowingly, and intelligently entered a plea of guilty from a silent record. Boykinv. Alabama (1969), 395 U.S. 238, 242-244. As the presumption is against a defendant's waiver of his right to trial, the State bears the burden of overcoming this presumption. State v. Dyer (1996), 117 Ohio App.3d 92,95. When faced with a silent record, the burden shifts to the State to demonstrate that the defendant voluntarily waived his right to trial and entered a plea knowingly, voluntarily, and intelligently, and a journal entry stating that the waiver occurred is not a substitute for a record of the proceedings. State v. Minor (1979), 64 Ohio App.2d 129, 131.
In the instant case, appellant attempted to provide this court with the transcript of the proceeding at which appellant entered his admission to two counts of gross sexual imposition. However, due to a lapse in time, the tapes had been erased, and no transcript could be produced. As such, the record in this case is silent, and the State has not overcome the presumption against appellant voluntarily waiving his right to trial, because the waiver must affirmatively appear on the record.
The State argues that the failure to produce a transcript in the instant case is caused by the delay in filing the notice of appeal. While we are cognizant of the fact that the appeal in this case, although timely, was filed eighteen months after the original hearing, and do notper se hold that the court's policy regarding destruction of tapes is unreasonable, due to the clerk's failure to docket service as required by Civ.R. 58, the appeal in the instant case was timely, and the court therefore was required to provide a record of the proceedings in accordance with Juv. R. 37 (A).
The first assignment of error is sustained.
Assignments of Error II, III, IV, V, VI, VII, and VIII are rendered moot by our disposition of Assignment of Error I.
The February 2, 2000; June 5, 2000; August 11, 2000; and March 20, 2001 judgments of the Licking County Common Pleas Court, Juvenile Division, are vacated.
This cause is remanded to that court for a new adjudicatory hearing on the original complaint filed November 24, 1999.
By GWIN, P.J., FARMER, J., and WISE, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the February 2, 2000; June 5, 2000; August 11, 2000; and March 20, 2001 judgments of the Licking County Common Pleas Court, Juvenile Division, are vacated. This cause is remanded to that court for a new adjudicatory hearing on the original complaint filed November 24, 1999. Costs to appellee.