Appellant, Paul Lassiter, contends that his conviction for menace by stalking (R.C. 2903.211) should be reversed and his sentence vacated. He maintains Rocky River Municipal Court Judge Donna Congeni Fitzsimmons erred in not recording, in open court, his alleged waiver of counsel, pursuant to Civ.R. 22 and Civ.R. 44. Lassiter argues that because of an incomplete record, there is no way for this court to determine if his waiver of counsel was knowingly, voluntarily and intelligently given. Appellee, City of North Olmsted, contends that this defect is cured by a journal entry and that it was Lassiter's responsibility to provide this court with a copy of the transcript from the hearing involving the waiver of counsel; it also provides affidavits of Judge Congeni Fitzsimmons and the City Prosecutor attesting to the procedural validity of the waiver. For the following reasons, we reverse and remand.
On July 21, 1997, Lassiter was arrested by the North Olmsted police and charged with a single count of menacing by stalking, R.C. 2903.211, a misdemeanor of the first degree which charge was set for a jury trial on September 11, 1997. On September 2, 1997, Lassiter's attorney, Thomas Kraus, filed a motion to withdraw, which was set for oral hearing in conjunction with a final pretrial conference on September 4, 1997. At that hearing, North Olmsted claims Lassiter endorsed a standard written form waiving his right to counsel. That document is not included in the record. It directs us to a journal entry, dated September 4, 1997, stating that Lassiter "indicates on rec. on tape that he does not want Mr. Kraus as his atty. Def waives his rt. to counsel for trial his right to counsel for pt * * *. Case remains scheduled for Jury Trial 9-11-97." Lassiter represented himself and was found guilty at the jury trial held and completed on September 12, 1997. The judge endorsed the following journal entry:
 9-11-97 DEF IN COURT PRO SE FOR JURY TRIAL. RT TO COUN WVD. JURY IMPANELED SWORN. 9-12-97 JURY TRIAL COMMENCED. VERDICT RETURNED. DEF FOUND GUILTY. $500 FC. 180 DAYS TN JAIL WITH 120 SUSPENDED, DEF IS CONDITIONED ON 3 YRS ACTIVE PROBATION CONDITIONAL UPON:
1) OBEY ALL LAWS AND ORDINANCES
 2) REPORT TO PROBATION OFFICER AS DIRECTED FOLLOW ALL RECOMMENDATIONS INCLUDING ANY SHE MAKES RE: BATTERER'S COUNSELING, ANGER MANAGEMENT 
COUNSELING APPROPRIATE FOR STALKING BEHAVIOR
 3) NO CONTACT W/LAURIE BALOG OR ANY MEMBERS OF HER FAMILY INCLUDING BY TELEPHONE, IN WRITING OR BY ANY OTHER MEANS INCLUDING NO CONTACT THROUGH 3D PARTY; NO CONTACT AT HER RESIDENCE AT ANY PLACE OF EMPLOYMENT; NOT TO COME WITHIN 100 YARDS OF HER RESIDENCE /OR PLACE OF EMPLOYMENT
4) PAY FC NO LATER THAN 10-3-97 BY 4PM
 DEF TO CONTACT PROBATION OFFICER FIRST BUSINESS DAY FOLLOWING RELEASE FROM JAIL.
Lassiter's two assignments of error are interrelated in both law and fact and will thus be treated together. They state:
 I. DEFENDANT HAS BEEN PREJUDICED IN THAT HIS RIGHT TO APPEAL HIS CONVICTION HAS BEEN ADVERSELY AFFECTED BY THE FACT THAT THE TRIAL COURT WAS UNABLE TO PROVIDE A COMPLETE AND ACCURATE TRANSCRIPT OF THE PROCEEDINGS.
 II. THE TRIAL COURT ERRED IN IMPOSING A SENTENCE OF CONFINEMENT UPON DEFENDANT WITHOUT THE PRESENCE OF COUNSEL.
Crim.R. 44 provides in pertinent part:
 (B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 (C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.
Crim.R. 22 provides in pertinent part, that:
 In petty offense cases all waivers of counsel by Rule 44 (B) shall be recorded, and if requested by any party all proceedings shall be recorded.
The Sixth Amendment right to counsel extends to misdemeanor cases which could result in the imposition of a jail sentence.City of Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216,479 N.E.2d 309. "The requirements of Criminal Rules are mandatory; all waivers of counsel must be made in open court and must be recorded." Id. See, also, Cuyahoga Falls v. Simich
(1982), 5 Ohio App.3d 10, 448 N.E.2d 839. Further, courts are to indulge every reasonable presumption against a waiver of a fundamental constitutional right. Brewer v. Williams (1977),430 U.S. 387, 97 S.Ct. 1232. See, also, State v. Brewer, supra. As a result, that waiver may not be presumed from a silent record.Carnley v. Cochran (1962), 369 U.S. 506, 82 S.Ct. 884, 890. See, also, State v. Brewer, supra. It is axiomatic that a waiver of a fundamental right affirmatively appear on the record and that the state bears the burden of overcoming presumptions against a valid waiver. State v. Dyer (1996), 117 Ohio App.3d 92,689 N.E.2d 1034.
Generally, when an appellant fails to provide a transcript of the proceedings, and the purported error is not revealed in the record, the appellant cannot prevail. State v. Brewer, supra. The city admits the audio tapes from the September 4, 1997 hearing/conference "were evidently separated from the jury trial tapes and cannot be located." The failure to provide this court with the transcript cannot be attributed to Lassiter. If the waiver form purportedly signed by Lassiter was, indeed, part of the record, the city must still provide evidence of procedural compliance. "Regardless, a written waiver of counsel is not a substitute for compliance with the Criminal Rules which require an oral waiver in open court before a judge which is recorded."State v. Brewer; Cuyahoga Falls v. Simich, supra.
In the instant case, the record does not contain either a written waiver of counsel, signed by Lassiter, or the transcript of the tape recorded session where, the city claims, Lassiter waived his right to counsel orally. Since the record is incomplete, and it is impossible to determine whether Lassiter knowingly, voluntarily, and intelligently waived his right to counsel, the city has failed to rebut the presumption against a waiver, and its burden of compliance with the criminal rules. The city contends that Lassiter has no right to appeal because he paid the fine and served the sentence. It claims that absent evidence of some collateral legal disability or loss of civil rights by Lassiter, arising out of this conviction, any error is moot. State v. Wilson (1975), 41 Ohio St.2d 236, 325 N.E.2d 236,State v. Golston (1994), 71 Ohio St.3d 224, 643 N.E.2d 109, Statev. Berndt (1987), 29 Ohio St.3d 3, 504 N.E.2d 712.
The city's contention is unfounded as Lassiter was placed on three years active probation and is subject to what appears to be a permanent no contact order. He has not completed his sentence. Accordingly, Lassiter's assignments of error are found to have merit and are sustained. The conviction and sentence are reversed and vacated, and the case is remanded for further proceedings in accordance with this opinion.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., CONCURS; ANN DYKE, PRESIDING JUDGECONCURRING AND DISSENTING IN PART (SEE ATTACHED OPINION).
 ______________________ JUDGE ANNE L. KILBANE