The State of Ohio, Appellee, *v.* Haag, Appellant.

(No. 7983—Decided June 9, 1976.)

*Mr. Thomas R. Boley,* for appellee.
*Mr. Robert L. Crane, Jr.,* for appellant.

Mahoney, P. J. This is an appeal by Timothy M. Haag, who was tried and found guilty by the Barberton Municipal Court for a violation of R. C. 4511.19 (D.W.I.). He was fined $150, had his driver's license suspended for thirty days and was sentenced to jail for three days. The defendant claims the trial court erred in failing (1) to determine whether he was able to obtain counsel or if he waived counsel and (2) to make a recording of such determination. Defendant asserts this resulted in the further error of an imprisonment sentence, even though there was no knowledgeable and intelligent waiver of counsel of record. We agree and affirm the judgment of conviction but modify the sentence by vacating the imprisonment portion.

The record shows that the defendant appeared in court on October 22, 1975, without counsel, and entered a plea of not guilty. A journal entry indicates that defendant fur-

nished a bond of $1,000 at ten percent cash. Another entry provides in part:

"Defendant appeared in Open Court on 10/22/75 and was advised of the nature of the charge against him/her; that he/she has the right to Counsel and the right to a reasonable continuance in the proceedings to secure Counsel even if he/she intends to plead guilty and the right pursuant to Rule 44 to have Counsel assigned without cost to himself/herself if he/she is unable to employ Counsel; that he/she need make no statement and any statement made may be used against him/her; of his/her right, when appropriate, to jury trial and the necessity to make demand, therefore, in petty offenses. That thereafter the defendant was provided a copy of said complaint/or——— acknowledge prior receipt thereof—that he/she has a right to bail. That said defendant being so advised: * * *."

This form journal entry provides space for the court to mark, by an "X," if the defendant "indicated he was unable to employ counsel and the court after inquiring found the said defendant to be indigent." No "X" was entered by the court. However, on the same day, the court made an entry on the appearance sheet styled "Motions filed and dispositions thereof." That entry reads:

"12/22/75 (sic) Defendant not indigent. Employed full time. A. Gadanac, J."

The defendant was found guilty at trial without benefit of counsel. No record in shorthand, stenotype, or by any mechanical, electronic or video recording device was made of any of the proceedings.

Crim. R. 44 reads, in part:

"(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

"(C) Waiver of counsel. Waiver of counsel shall be

in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases, the waiver shall be in writing.

"(D) Assignment procedure. The determination of whether a defendant is able or unable to obtain counsel shall be made in a recorded proceeding in open court."

Crim. R. 22 reads, in part:

"In petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded, and if requested by any party all procedings shall be recorded.

"Proceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device."

The requirements of these rules are mandatory. The journal entry of the trial court finding that the defendant was not indigent and was employed full time is not a substitute for compliance with the Criminal Rules. A. failure to comply with Crim. R. 44(D) is error.

The requirements in Crim. R. 44(B) are merely a restatement of the rule set down in *Argersinger* v. *Hamlin* (1972), 407 U. S. 25. Nothing in the record indicates that the trial court made any determination either that the defendant was able to obtain counsel or that he waived his right to counsel.

The United States Supreme Court has held that a waiver of the right to counsel cannot be presumed from a silent record. *Carnley* v. *Cochran* (1962), 369 U. S. 506, followed by *Miranda* v. *Arizona* (1966), 384 U. S. 436. There is a presumption against the waiver of such constitutional rights. *Brookhart* v. *Janis* (1966), 384 U. S. 1.

In applying *Argersinger* v. *Hamlin, supra,* to Ohio and interpreting the Criminal Rules, the Ohio Supreme Court held, in paragraph 3 of the syllabus of *State* v. *Tymcio* (1975), 42 Ohio St. 2d 39, cert. den. 46 L. Ed. 2d 367, the following:

"It is the duty of the trial court in a criminal case to inquire fully into the circumstances impinging upon an accused's claimed inability to obtain counsel and his consequent need for assistance in employing counsel, or for the assistance of court-appointed counsel."

Justice Paul Brown explains, at page 44 in this opinion:

"Clearly, a bare finding of nonindigency does not explain why an accused, such as the defendant in this case, who represents that he has been unable while under bond to obtain adequate counsel with his available resources because of demands for substantial cash retainers, must stand alone. * * *"

The requirement that an accused be given appointed counsel is not limited to those with financial disability. A duty is placed upon trial courts to inquire fully into any claim of inability to obtain counsel made by an accused. Without a record establishing that the trial court inquired into this defendant's ability to obtain counsel and considering the presumption against the waiver of constitutional rights, we conclude that the trial court erred.

We hold that when a defendant (1) is convicted of a petty offense; (2) an imprisonment penalty is imposed; and (3) he is not represented by an attorney at his trial, the imprisonment portion of the sentence will be vacated, unless a record is made (in accordance with Crim. R. 22 and Crim. R. 44) which affirmatively demonstrates either that the defendant would have been able to obtain counsel, or he knowingly waived his Sixth Amendment right to counsel.

We, therefore, sustain all three assignments of error. In accordance with Crim. R. 44(B), we modify the sentence by vacating the portion imposing jail time. As so modified, we affirm the judgment of conviction.

*Judgment modified and affirmed.*

BRENNEMAN and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.