THE STATE OF OHIO, APPELLEE, *v*. MINOR, APPELLANT.

(No. 2828—Decided March 14, 1979.)

*Mr. Michael F. Becker,* for appellee.
*Mr. Kenneth P. Frankel,* for appellant.

MAHONEY, P. J.  The defendant, Joyce A. Minor, appeals her conviction and sentence for "petty theft" in the Avon Lake Municipal Court. Defendant assigns as error the failure of the court to comply with Crim. R. 11(E) and Crim. R. 11(C). We reverse.

## FACTS

The defendant was summoned into court as a result of a complaint charging her with a violation of R. C. 2913.02, in that allegedly she unlawfully cashed an endorsed payroll check without the consent of the owner. She was arraigned

without counsel on September 5, 1978, and entered a plea of not guilty. The case was continued for a preliminary hearing until September 19. At that time, and again without counsel, defendant entered a change of plea to no contest and was sentenced. She signed her name on a "rubber stamp" entry, witnessed by the judge, which recited:

"Defendant present, represented by counsel, all rights fully explained. Former plea of not guilty to *grand theft* voluntarily withdrawn and plea of *no contest* to charge of *theft* voluntarily entered. Effect of plea and possible maximum sentence fully explained by court to defendant.

"X   *Joyce Minor*
"*Robert Jensen* Judge"

A notice of appeal, together with a motion to withdraw the plea of no contest, was filed on October 17, 1978. The transcript of proceedings reveals that, at a hearing on the latter motion, the judge requested Attorney James Burge to privately confer with defendant concerning her rights. While not representing defendant, Burge also apparently counseled her at a recess of the court on September 5. Additionally, Attorney Sherry Newman Ruth was acting deputy bailiff on September 5 and testified at the hearing on the motion. Attorney Ruth opened the session of court by explaining their rights to all defendants and the meanings of the various pleas. Attorney Keith Suek testified that he performed the same function for the court at the September 19 court session and advised the defendant to obtain counsel. Attorney Ruth testified that she also counseled with the defendant on September 19 at the court's request. The transcript indicates that at her court appearances, the defendant was crying, was emotionally upset, desired to get the matter over with and stated that she "would not be in court again in 100 years."

## DISCUSSION

The record contains no transcription of the proceedings on September 5, of either the opening statments by the deputy bailiff or the actual arraignment before the judge. The September 19 transcription, which is before us, contains no colloquy between the court and the defendant concerning the requirements of Crim. R. 11.

The record does not contain either a written waiver of

counsel or the transcription of proceedings before the court in which the defendant waived her right to counsel after being advised by the court of those rights and alternatives. See Crim. R. 22 and Crim. R. 44.

The record does not contain the original complaint. The docket alleges that the original was removed from the file by the defendant and a new one was substituted. That new one is dated November 22, 1978, and there is no entry by any court authorizing the substitution or making any findings of fact.

We note that the "complaint," as filed, does not properly state a crime since it does not declare the value of the property alleged to have been stolen. We do not know whether the defendant was supposed to be charged with grand theft or petty theft. However, under either charge, defendant was entitled to representation by counsel or the record should reveal defendant's waiver as required by the Criminal Rules.

We hold that the well-intended practice of the court to get attorneys who are in attendance to voluntarily counsel unrepresented defendants does not comport with the constitutional right-to-counsel requirements protected by the Criminal Rules.

We also hold that the use of someone, other than the trial judge, to explain rights and the effect of various pleas does not relieve the judge of his responsibilities under Crim. R. 11(E) before accepting a plea. Additionally, we find that the use of a form or stamp entry reciting that all rights have been fully explained is not a substitute for a proper recording of proceedings before a judge under Crim. R. 11 or Crim. R. 22.

We further hold that if, in fact, the defendant was charged with a felony, the court was without authority to accept a plea to a lesser included offense even if it was a misdemeanor. The Criminal Rules contemplate a procedure under Crim. R. 5(B) or a proper dismissal of the felony for good cause. Then, either a new action is commenced or a new complaint is filed under Crim. R. 5(B)(6). Further proceedings should then be had according to law.

We have considered, but do not determine, whether that portion of R. C. 2937.14 requiring a reason for the change in the charge to be entered in the journal is applicable and was not presumptively superseded by Crim. R. 5(B)(7).

The transcript also suggests that an underlying bargain was negotiated between the prosecutor and the defendant and that this bargain was not set forth as required by Crim. R. 11(F).

We do not address the question of whether the court had jurisdiction to hear the motion to withdraw the plea when, in fact, a notice of appeal had been filed.

## SUMMARY

We sustain both assignments of error, reverse the judgment of conviction, vacate the plea of no contest and remand this cause for further proceedings according to law.

*Judgment reversed.*

BELL and VICTOR, JJ., concur.