CITY OF CUYAHOGA FALLS, APPELLEE, *v.* SIMICH, APPELLANT.

(No. 10473—Decided May 26, 1982.)

*Mr. Gerald L. Pursley,* for appellee.

*Mr. William E. Love,* II, for appellant.

MAHONEY, P.J. The defendant-appellant, Keith M. Simich, appeals his conviction in the Cuyahoga Falls Municipal Court for driving under the influence of alcohol (Cuya. Falls Ord. 333.01[A]), based upon a guilty plea "accepted" by the trial court because of Simich's violation of the conditions of a plea of guilty he had tendered over thirteen months previously pursuant to an alcohol abuse diversionary treatment program (AADTP) conducted by the trial court's probation department. We reverse.

## Facts

Simich was initially arrested and charged with driving while intoxicated on September 6, 1980. He appeared in the court on September 8, and apparently became aware of the court's alcohol abuse diversionary program. A continuance was noted at his request to September 15. In the interim he was interviewed by the chief probation officer and considered eligible for AADTP. During the same time frame Simich executed three forms. One was a certified application to enter the program.

The next was labeled a "Rights Explanation Form," signed and notarized on

September 15. This four-printed-page form contained a recitation of the defendant's salient constitutional and statutory rights, and various pledges of cooperation, obedience to laws, and good behavior on his part. He also acknowledged his understanding that a condition of his admission into the program would be his entry of a guilty plea to the charges, and that this plea would not be accepted by the court if he successfully completed the program. In that event the case would be dismissed by the court.

The third form Simich executed was a written "Plea of Guilty" notarized before a court employee. This purports to be a knowing, intelligent and voluntary plea and contains waivers of various constitutional and statutory rights. This form contains, *inter alia*, an acknowledgment of a factual basis for the charge, a recitation of the possible penalties, and his understanding that if he completes the program, his plea would not be accepted and the case against him would be dismissed on September 14, 1981.

Simich apparently entered the AADTP. However, on April 17, 1981, he was arrested again for driving while intoxicated. On September 3, 1981, he entered a plea of "no contest" in the Akron Municipal Court to a reduced charge of reckless operation.

The Cuyahoga Falls probation officer and the city prosecutor promptly on September 3, 1981, moved the trial court for acceptance of Simich's written plea of guilty. The matter was set for hearing on September 14, 1981. After the Akron court charge, Simich apparently employed an attorney. Finally on October 23, 1981, the trial court entered a finding of "Guilty by written plea" and proceeded to sentencing which included incarceration.

### Assignments of Error

"I. The trial court erred in not dismissing the charges for failure to prosecute the appellant within the time limits of the Ohio Revised Code for first degree misdemeanors.

"II. The trial court erred when it 'accepted' appellant's purported 'guilty plea' made one year earlier before the probation department, not in open court, and in its failure to follow the mandatory provisions of the Traffic Rules and Criminal Rules.

"III. The trial court erred in not permitting appellant to vacate any alleged 'guilty plea' and enter a not guilty plea prior to sentencing."

### Discussion of I and III

We must summarily reject both of these assignments of error. We do not have a transcript of proceedings nor does the record reflect any written motions for dismissal for want of a speedy trial or for withdrawal of a plea. We must consider the claimed errors to have been waived for lack of demonstrable objections.

### Discussion of II

We must preface our remarks by asserting that in this case it is not our province to pass upon the relative merits of this or any other diversionary program. We recognize that the legislature has authorized the prosecuting attorney to establish pretrial diversionary programs under R.C. 2935.36. The issue whether a municipal court may lawfully direct or defer prosecutions in and out of this or similar programs is not properly before us. Likewise we cannot philosophize as to the propriety of a court's engaging in sociological activities or treading into legislative areas. Our function is to objectively review the claimed assignments of error as to the procedures employed in light of the criminal rules and traffic rules. We cannot be dissuaded by the court's laudable efforts to cure a societal ill by indirectly reducing future violations and thereby saving lives, limbs and property.

Crim. R. 2 and Traf. R. 2 tell us that we are dealing with a "petty offense" in-

volving the operation of a motor vehicle and thus, procedurally, Traf. R. 8, 10, 12, 13(B)(2) and 20, and Crim. R. 22, 32.1 and 44 apply, as does M.C. Sup. R. 8(A).

We find the procedures employed by the trial court were prejudicially erroneous in the following respects:

(1) The record does not reveal any determination of indigency, nor a request for appointed counsel. Yet a waiver of counsel was obtained by the probation officer but not the judge. The written waiver of counsel used here is not a substitute for compliance with Crim. R. 44(C) which requires an oral waiver in open court before the judge and recorded as provided in Crim. R. 22. (See M.C. Sup. R. 8[A]).[1]

(2) The record does not reflect that the judge determined that the defendant knew and understood the rights set forth in Traf. R. 8(D).

(3) The record does not reflect that the judge informed the defendant of the effect of his plea pursuant to Traf. R. 10(D).

(4) The "written guilty plea" accepted here does not qualify as a "showing of exceptional circumstances" provided in Traf. R. 12, nor is it eligible for the violations bureau under Traf. R. 13(B)(2).

(5) The plea of guilty accepted by the court was contrary to Traf. R. 12 in that it was not one made personally in open court.

(6) While the rules do not require a determination that a guilty plea to a petty offense be voluntary, it was plain error for the court to accept a written guilty plea knowing it was made contrary to the rules, effective conditionally upon misbehavior and induced by promises of dismissal. Such a plea was not freely and voluntarily made. The court should have permitted its withdrawal sua sponte under Crim. R. 32.1.[2]

### Summary

We sustain the second assignment of error and overrule all others. We vacate the judgment of conviction and remand this cause to the trial court for further proceedings according to law.

*Judgment accordingly.*

BELL, J., concurs.

QUILLIN, J., concurs in judgment only.

---

[1] Ordinarily this would not be reversible error, but would be corrected by a deletion of the incarceration portion of the sentence. See *State* v. *Haag* (1976), 49 Ohio App. 2d 268 [3 O.O.3d 407]. However, here the other issues mandate reversal.

[2] While it was not directly raised as error, the writer believes that we are in effect dealing with a plea bargain in which the judge has actively participated by agreeing conditionally to dismiss the charges. The motion to accept the plea because of misbehavior is hollow. Any action by the court to belatedly determine if the plea was "freely, voluntarily and intelligently" made would only be perfunctory. I do not believe it necessary for us to determine if the court's action here was contrary to *State* v. *Byrd* (1980), 63 Ohio St. 2d 288 [17 O.O.3d 184]. It is also to be noted that while no court has interpreted R.C. 2935.36, that the program employed here does not follow the standards in (C) or (D) of that statute in which the legislature authorized felony diversionary programs.