CITY OF BROOK PARK, Appellee,

v.

KIRSCH, Appellant.

[Cite as *Brook Park v. Kirsch* (2000), 138 Ohio App.3d 741.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76780.

Decided Aug. 21, 2000.

---

5. (1940), 136 Ohio St. 203, 16 O.O. 215, 24 N.E.2d 822, paragraph three of the syllabus.

*Neal M. Jamison,* Assistant Law Director, for appellee.

*Brian M. Fallon Co., L.P.A.,* and *Brian M. Fallon,* for appellant.

JAMES M. PORTER, Judge.

Defendant-appellant Reynold C. Kirsch appeals from his conviction in the Berea Municipal Court following a bench trial for operating a motor vehicle with a suspended driver's license (R.C. 4507.02), a misdemeanor of the first degree. Defendant claims that the trial court deprived him of his constitutional rights by refusing to appoint counsel to defend him. Defendant also contends that he did not waive his right to counsel. We find merit to the appeal and reverse for the reasons hereinafter stated.

On May 18, 1999 at 1:05 a.m., defendant was discovered by Brook Park Police Officer Emit Walentik sleeping in his motor vehicle in the parking lot of the American Legion Hall on Sheldon Road in the city of Brook Park. Officer Walentik woke defendant up and determined that his driver's license was under suspension from the Brook Park Mayor's Court for a DUI offense. Defendant displayed to Officer Walentik the occupational driving privileges granted by the mayor's court that were limited to the period from March 12, 1999 to August 24, 1999. The driving privileges were limited "to and from doctors appointments, to, from and during the course and scope of employment only."

Officer Walentik advised defendant that he had to leave the parking lot but that he could not drive his motor vehicle. The officer then left the parking lot, and while driving by the parking lot ten minutes later, saw defendant leaving in his car. The officer then stopped defendant and placed him under arrest for driving while under suspension.

The record reflects that defendant's trial was originally scheduled for June 7, 1999. On the day of trial, defendant appeared and requested a court-appointed attorney. The trial court then made the following inquiry into defendant's financial affairs in order to determine his eligibility for court-appointed counsel:

"Q. Are you working?

"A. No, sir. I'm retired.

"Q. And how much do you receive on retirement?

"A. I receive a total of $1600.00.

"Q. $1600.00 a month, you won't qualify for a court appointed attorney.

"A. I've been spending almost as much on this place.

"Q. Yes, but that is—you earn more retirement and disability than a lot of people who are working. And I won't assign a lawyer for that purpose."

The trial court denied defendant's request and rescheduled his trial for June 28, 1999, to allow defendant to retain his own counsel.

744

On June 28, 1999, defendant's case was again called to trial. However, due to an error by the trial court, no videotape or other record of the trial was made. After the trial court heard the evidence, it found defendant guilty of operating a motor vehicle with a suspended driver's license for which he was sentenced to five days in jail and a $250 fine. Execution of sentence was stayed pending this timely appeal.

■ Defendant's sole assignment of error states:

"The appellant was denied his constitutional right to the assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution when the trial court refused to appoint assigned counsel without a full inquiry into the appellant's financial condition."

Defendant asserts that he was denied his constitutional right to assistance of counsel when the trial court denied his request for a court-appointed attorney. We find on this record that defendant's right to counsel was violated in that no waiver of counsel appears on the record.

■ A criminal defendant's right to the assistance of counsel is constitutionally protected. *State v. Tymcio* (1975), 42 Ohio St.2d 39, 43, 71 O.O.2d 22, 24–25, 325 N.E.2d 556, 559–560. In *Tymcio*, the Ohio Supreme Court recognized that "[i]t is the duty of the trial court in a criminal case to inquire fully into the circumstances impinging upon an accused's claimed inability to obtain counsel and his consequent need for assistance in employing counsel, or for the assistance of court-appointed counsel." *Id.* at paragraph three of the syllabus.

■ "The right to the assistance of court-appointed counsel in a criminal case turns upon the inability to obtain counsel. The entitlement depends, not upon whether the accused ought to be able to employ counsel, but whether he is in fact 'unable to employ counsel.'" *Id.* at paragraph one of the syllabus.

The court in *Tymcio* also recognized that many factors, financial and otherwise, may "impinge upon a defendant's inability to obtain counsel, factors which may differ greatly from case to case." *Id.* at 44, 71 O.O.2d at 25, 325 N.E.2d at 560.

In addition, Ohio Adm.Code 120–1–03(A) specifically requires that the criteria for determining indigency for purposes of court-appointed counsel include "ownership and ready availability of real or personal property; all household income, inheritance, expectancies and other assets; number and age of dependents; outstanding debts, obligations and liabilities; and any other relevant considerations."

In the instant case, the trial court determined that defendant was able to obtain counsel and, therefore, was not eligible to receive court-appointed counsel

based solely on his retirement income. The court did not inquire into defendant's other outstanding debts, obligations, or liabilities as required by Ohio Adm. Code 120–1–03. A determination as to whether the defendant could employ counsel could not be made without an inquiry into defendant's other financial circumstances. Accordingly, we find that the trial court's inquiry was insufficient to determine whether defendant was in fact able to employ counsel. See *State v. Kincaid* (Mar. 17, 2000), Licking App. No. 99–CA–00075, unreported, 2000 WL 329799; *Beachwood v. Rhodes* (Oct. 4, 1990), Cuyahoga App. No. 57584, unreported, 1990 WL 145615.

We also find that there was no valid waiver of counsel prior to commencing defendant's trial and sentencing him to a term of incarceration for driving under suspension, a misdemeanor. Crim.R. 44 provides:

"(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed [on] him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

"(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."

Crim.R. 22 further requires:

"In petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded, and if requested by any party all proceedings shall be recorded."

The Sixth Amendment right to counsel applies to misdemeanor cases in which a sentence of imprisonment could be imposed. *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. In *Argersinger*, the United States Supreme Court stated that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Id.* at 37, 92 S.Ct. at 2006, 32 L.Ed.2d 538.

In *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 217, 17 OBR 458, 459–460, 479 N.E.2d 309, 311–312, this court recognized the significance of the right to counsel and that a knowing and intelligent waiver of counsel will not be presumed when there is no transcript of the proceeding. In *Brewer*, we stated:

"The requirements of the Criminal Rules are mandatory; all waivers of counsel must be made in open court and must be recorded. *State v. Haag* (1976), 49 Ohio App.2d 268 [3 O.O.3d 301, 360 N.E.2d 756]; see *Cuyahoga Falls v. Simich* (1982),

5 Ohio App.3d 10 [5 OBR 11, 448 N.E.2d 839]; *State v. Minor* (1979), 64 Ohio App.2d 129 [18 O.O.3d 98, 411 N.E.2d 822].

"The Sixth Amendment right to counsel extends to misdemeanor cases which could result in the imposition of a jail sentence. *Argersinger v. Hamlin* (1972), 407 U.S. 25 [92 S.Ct. 2006, 32 L.Ed.2d 530]. Because courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, *Brewer v. Williams* (1977), 430 U.S. 387 [97 S.Ct. 1232, 51 L.Ed.2d 424]; *Johnson v. Zerbst* (1938), 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461], that waiver must affirmatively appear on the record. *State v. Haag, supra; Cleveland v. Whipkey* (1972), 29 Ohio App.2d 79 [58 O.O.2d 86, 278 N.E.2d 374]. A knowing and intelligent waiver will not be presumed from a silent record. *Carnley v. Cochran* (1962), 369 U.S. 506, 516 [82 S.Ct. 884, 890, 8 L.Ed.2d 70, 77–78]; *State v. Brinkman* (Feb. 25, 1982), Cuyahoga App. No. 44262, unreported [1982 WL 2363]; *State v. Washington* (March 27, 1980), Cuyahoga App. Nos. 40623 and 40624, unreported.

"There is no transcript in the record before this court. Therefore, we cannot say that the mandatory requirements of the Criminal Rules regarding waiver of counsel have been complied with. The record contains a signed statement of waiver, not necessarily a knowing and intelligent waiver. Regardless, a written waiver of counsel is not a substitute for compliance with the Criminal Rules which require an oral waiver in open court before a judge which is recorded. See *Cuyahoga Falls v. Simich* (1982), 5 Ohio App.3d 10, 12 [5 OBR 11, 13, 448 N.E.2d 839, 841–842]; *State v. Minor* (1979), 64 Ohio App.2d 129, 131 [18 O.O.3d 98, 99–100, 411 N.E.2d 822, 824]. Nor does it comply with the constitutional mandate that the waiver affirmatively appear on the record.

"Generally, the proceedings of the lower court are deemed to be correct. If there is no transcript of the proceedings and the error cannot be shown in the record, an appellant will not prevail. However, when confronted with the waiver of a constitutional, statutory or other substantial or fundamental right, such waiver must affirmatively appear in the record. See *State v. Haag* (1976), 49 Ohio App.2d 268, 271 [3 O.O.3d 301, 303, 360 N.E.2d 756, 759. Since the recording of waiver of counsel is mandatory, and the presumption is against a waiver of counsel, the city has the burden to show compliance with the rules. The city has not met its burden and proper waiver of counsel will not be presumed. Accordingly, appellant's first assignment of error is sustained."

■■ In the instant case, due to an error by the trial court, no videotape or other record of defendant's June 28, 1999 trial was made. As a result, the record before us fails to indicate that a knowing and voluntary waiver of counsel was ever obtained from the defendant. Under the above authorities, such a waiver must affirmatively appear in the record, and the prosecution has the burden to

show compliance with Crim.R. 44 and Crim.R. 22. We will not presume a knowing and intelligent waiver from a silent record. As we found in *Brewer*, because the recording of a waiver of counsel is mandatory and the presumption against a waiver of the constitutional and fundamental right to counsel, we cannot say that mandatory requirements of the Crim.R. 44 and Crim.R. 22 have been complied with when there is no transcript of the trial.

We also must note that defendant filed an approved statement of the evidence pursuant to App.R. 9(C), which was made part of the record on appeal. Even though this statement reflects that defendant represented himself at his June 28, 1999 trial, it does not mention the mandatory requirements of Crim.R. 44, which require the trial court to obtain a valid waiver of counsel in open court and to record the proceedings as required in Crim.R. 22. Again, absent a transcript of defendant's trial, we cannot conclude that the trial court complied with Crim.R. 44, nor that defendant's waiver of counsel affirmatively appears in the record. See *Mayfield Hts. v. Galati* (June 3, 1999), Cuyahoga App. No. 74202, unreported, 1999 WL 359199. Accordingly, there is no valid waiver of counsel, and defendant could not be sentenced to a term of imprisonment.

Defendant's sole assignment of error is well taken.

Judgment reversed and remanded for a new trial.

*Judgment accordingly.*

DYKE, A.J., and ROCCO, J., concur.