CITY OF JACKSON, Appellee,

v.

WICKLINE, Appellant.

[Cite as *Jackson v. Wickline*, 153 Ohio App.3d 743, 2003-Ohio-4354.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 02CA8.

Decided Aug. 14, 2003.

744

Mark T. Musick, for appellant.

John L. Detty, for appellee.

Kline, Judge.

{¶ 1} The Municipal Court of Jackson County found James A. Wickline guilty of telephone harassment, a violation of Jackson City Ordinance Section 537.11. Wickline contends that the trial court erred in failing to hold a hearing before it made a redetermination of his eligibility for court-appointed counsel, and in failing to properly record any such hearing or waiver of the right to counsel. Because Wickline claimed that he was unable to obtain counsel, the trial court was required to conduct a hearing, making a "full inquiry" into Wickline's ability to obtain counsel. Additionally, because Wickline's offense carried the possibility

of a jail sentence, any waiver of counsel by Wickline needed to occur in open court and be recorded. Therefore, we find that the trial court erred in failing to hold a hearing regarding Wickline's ability to obtain counsel and in failing to record any such hearing or waiver of counsel. Accordingly, we reverse the trial court's judgment.

## I

{¶ 2} In October 2001, the Jackson Police Department filed a complaint against Wickline for telephone harassment, a third-degree misdemeanor under Jackson City Ordinance Section 537.11. At his arraignment, Wickline pled not guilty, and the court ordered him to obtain counsel. Wickline filed a financial disclosure statement with the court, in which he claimed he was financially unable to obtain counsel. At Wickline's request, the court appointed counsel to represent Wickline in November 2001.

{¶ 3} The matter proceeded through pretrial and discovery. Then, in March 2002, the trial court issued an order stating that it had received Wickline's 2001 W–2 statement. Based on the W–2 statement, the court determined that Wickline was not eligible for court-appointed counsel. The court ordered Wickline to obtain new counsel and advise the court of his new attorney's name. The court sua sponte continued the trial in order to allow Wickline time to obtain new counsel and prepare for trial.

{¶ 4} The record does not contain any further communications between the court and Wickline regarding Wickline's ability to obtain counsel. At trial, the court noted that Wickline had "chosen to represent himself." A jury found Wickline guilty of telephone harassment. The court entered a judgment of conviction and sentenced Wickline to serve 60 days in jail with 50 days suspended, to pay a $500 fine, and to serve two years of nonreporting probation.

{¶ 5} Wickline appeals, asserting the following assignment of error: "The trial court erred by failing to conduct a hearing, and/or make a record of hearing, in which the trial court was required to make full inquiry of the circumstances concerning defendant's ability to employ counsel."

## II

{¶ 6} Wickline contends that the trial court erred by failing to conduct a hearing and make a full inquiry into whether he was unable to obtain counsel. The city of Jackson contends that the trial court did not err in failing to conduct a hearing, because Wickline did not inform the court of his inability to obtain counsel subsequent to the court's March 2002 ruling that Wickline was ineligible for court-appointed counsel.

{¶ 7} A criminal defendant's right to the assistance of counsel is constitutionally protected. *State v. Tymcio* (1975), 42 Ohio St.2d 39, 43, 71 O.O.2d 22, 325 N.E.2d 556; *Brook Park v. Kirsch* (2000), 138 Ohio App.3d 741, 744, 742 N.E.2d 224. The determination of whether an accused is entitled to court-appointed counsel "depends, not upon whether the accused ought to be able to employ counsel, but whether he is in fact 'unable to employ counsel.'" *Tymcio* at paragraph one of the syllabus. Many factors, financial and otherwise, may impinge upon an accused's ability to obtain counsel, and these factors may vary from case to case. Id. at 44, 71 O.O.2d 22, 325 N.E.2d 556; *Kirsch*, 138 Ohio App.3d at 745, 742 N.E.2d 224.

{¶ 8} The court's preliminary determination that an accused is not indigent does not foreclose redetermination of eligibility for court-appointed counsel "when, at a subsequent stage of a criminal proceeding, new information concerning the ability or inability of the accused to obtain counsel becomes available." *Tymcio* at paragraph two of the syllabus. At that point, it becomes "the duty of the trial court in a criminal case to inquire fully into the circumstances impinging upon an accused's claimed inability to obtain counsel and his consequent need for assistance in employing counsel, or for the assistance of court-appointed counsel." *Tymcio* at paragraph three of the syllabus and 45; *State v. Bush* (1994), 97 Ohio App.3d 20, 24, 646 N.E.2d 193.

{¶ 9} The city argues that the words "claimed inability" in *Tymcio* requires the accused to claim an inability to obtain counsel both before and also after the trial court makes a determination that the accused is ineligible for court-appointed counsel. Specifically, the city contends that in this case, it was incumbent upon Wickline to claim an inability to obtain counsel after the court redetermined his eligibility and removed his court-appointed counsel.

{¶ 10} This narrow construction of the *Tymcio* syllabus is not supported by the text of the opinion. Specifically, the *Tymcio* court opined that when new information regarding the accused's ability to obtain counsel becomes available, "[i]t is *then* the duty of the trial court to inquire fully into the circumstances * * *." (Emphasis added.) *Tymcio*, 42 Ohio St.2d at 45, 71 O.O.2d 22, 325 N.E.2d 556. See, also, *Bush*, 97 Ohio App.3d at 24, 646 N.E.2d 193 ("When new information becomes available concerning the ability of an accused to obtain counsel, the court must inquire fully into the circumstances"). Moreover, the city's construction of *Tymcio* is contrary to the policy of providing wide latitude to pro se litigants in procedural matters. It is unreasonable to expect a pro se defendant to be familiar enough with the intricacies of the law to know that he must inform the court of his inability to obtain counsel not only when he requests the court to appoint counsel, but also after each redetermination in which the court denies his request. We find instead that once an accused informs the court

of his inability to obtain counsel, the court must conduct a full inquiry upon the initial determination or any subsequent redetermination in which the court denies the request for counsel.

{¶ 11} In this case, Wickline claimed an inability to obtain counsel. The court did not conduct a full inquiry but granted Wickline's request. Subsequently, when the court received new information in the form of Wickline's W–2, the court should have conducted a full inquiry into the circumstances surrounding Wickline's claimed inability to obtain counsel before determining that he actually was not entitled to court-appointed counsel.

{¶ 12} Additionally, the court did not obtain a proper waiver of counsel in this case.[1] Crim.R. 44 provides that "[w]hen a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed [on] him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." Crim.R. 44(B). The waiver must be made in open court and must be recorded. Crim.R. 44(C). This rule is mandatory. *State v. Haag* (1976), 49 Ohio App.2d 268, 270, 3 O.O.3d 301, 360 N.E.2d 756. It exists because courts must indulge every reasonable presumption against a waiver of fundamental constitutional rights. *Kirsch,* 138 Ohio App.3d at 746, 742 N.E.2d 224, citing *Brewer v. Williams* (1977), 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424; *Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. We cannot presume a knowing and intelligent waiver from a silent record. *Kirsch,* 138 Ohio App.3d at 746, 742 N.E.2d 224, citing *Carnley v. Cochran* (1962), 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70.

{¶ 13} Wickline requested counsel in this case, and never expressed a desire to waive counsel or stated that he had the ability to obtain counsel. Compare *Bush,* 97 Ohio App.3d at 25, 646 N.E.2d 193 (accused found to have waived counsel when he repeatedly informed the court that he was able to obtain counsel). The trial court imposed a sentence of imprisonment upon Wickline. Since recording a waiver of counsel is mandatory, and the presumption is against a waiver of counsel when the record is silent, we cannot find a waiver of counsel in this case.

---

1. In his "STATEMENT OF ISSUES FOR REVIEW," Wickline lists the issue of whether the trial court complied with the Crim.R. 44 mandate that any waiver of counsel be recorded as an issue raised by his assignment of error. Although Wickline did not specifically mention Crim.R. 44 in his assignment of error, he did refer to the trial court's failure to make a record, and in addition extensively argued regarding the absence of a recorded proceeding in the argument section of his brief. While we are not required to consider any issue the appellant fails to raise in the assignments of error (App.R. 12 and 16), because Wickline clearly identified noncompliance with Crim.R. 44 as error in his statement of issues and in his argument, and arguably intended to include the Crim.R. 44 requirements within the scope of the phrase "make a record" in his assignment of error, we will consider his Crim.R. 44 argument in the interests of justice.

{¶ 14} Because the trial court failed to conduct a full inquiry into Wickline's claimed inability to obtain counsel, and because the record does not contain a knowing, intelligent, and voluntary waiver of counsel, we find that the trial court erred in permitting the matter to proceed to trial and in sentencing Wickline to jail without the benefit of counsel. Accordingly, we sustain Wickline's assignment of error, reverse the judgment of the trial court, and remand this cause for further proceedings consistent with this opinion.

Judgment reversed.

EVANS, P.J., concurs.

HARSHA, J., dissents.