DECISION AND JUDGMENT ENTRY
{¶ 1} Charles V. Wilkerson appeals his five misdemeanor convictions and sentences in the Pike County Court. The court, after a bench trial, found him guilty of assault, aggravated trespassing, and three separate violations of a civil protection order. On appeal, Wilkerson contends that the trial court erred when it failed to inform him of the possible penalties for each of the five offenses so that he could make an informed decision regarding retaining counsel. Because the trial court failed to inform Wilkerson of the penalties and other dangers inherent in self-representation, and because the court ignored theTymcio rule and failed to make a pretrial inquiry to determine that the waiver of counsel was knowing, intelligent, and voluntary, we agree that the trial court erred. Wilkerson further contends that the trial court erred when it failed to inform him *Page 2 
that he had to submit in writing his request for a jury trial. We do not address this argument because we find it moot. Accordingly, we vacate Wilkerson's five convictions and sentences and remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 2} This appeal involves three separate trial court cases, which the trial court consolidated for a bench trial. The state filed five separate complaints against Wilkerson in 2006. The first case involved an assault, a violation of R.C. 2903.13(A), and an aggravated trespass, a violation of R.C. 2911.211(A). The second case involved two counts of a violation of a protection order, a violation of R.C. 2919.27(A). The third case involved a single count of a violation of a protection order, a violation of R.C. 2919.27(A). All five offenses are misdemeanors of the first degree. Consequently, the court arraigned Wilkerson three separate times: March 6th, March 27th, and April 6th respectively.
 {¶ 3} At the March 6th hearing, someone apparently presented Wilkerson with a written form (which he signed) that explained his rights, including his right to demand a jury trial in writing. Even though Wilkerson requested a transcript of this hearing, we do not have it. However, we do have the written rights form. At the March 27th hearing, the transcript does not show that the court either provided Wilkerson with the written rights form or orally advised him of his rights. At the April 6th hearing, the court did not orally advise Wilkerson of his rights. However, Wilkerson received a written rights form that he refused to sign. *Page 3 
 {¶ 4} At these last two initial appearances, the transcripts show that Wilkerson told the court that he was hiring an attorney. At one point, the court told Wilkerson, "I suggest you speak with an attorney. You speak with Mr. Newman." Wilkerson responded, "I can't afford an attorney for all this." The court said, "Well, you just said that you're (sic) attorney was Mr. Newman." Wilkerson replied, "They won't give me . . . that's who I used the last time. I haven't talked to him . . . "The court then asked, "Are you employed?" Wilkerson answered, "Yes[.]" The court did not inquire further on this issue.
 {¶ 5} Eventually the court consolidated the cases and set June 9, 2006, as the trial date. Several court documents show that the court set the cases for a jury trial, e.g., notice of trial and subpoenas. On the morning of trial, the state informed the court that Wilkerson did not file a demand for a jury trial and did not file a notice of alibi. Wilkerson told the court that "I asked for a jury trial last time I was in this court." The judge replied, "You have to file a written demand for a jury trial." The case proceeded as a bench trial. The court found Wilkerson guilty of all five offenses and sentenced him accordingly. The sentenced included 120 days in jail for each of four of the offenses, to run concurrent to each other, and 180 days in jail for the remaining offense, to run consecutive to the other four sentences.
 {¶ 6} Wilkerson appeals, asserting the following two assignments of error: "I. THE COURT BELOW ERRED WHEN IT FAILED TO ADVISE DEFENDANT-APPELLANT, WHO WAS PRO SE, THAT HE HAD TO MAKE A JURY TRIAL DEMAND IN WRITING." II. THE COURT BELOW ERRED WHEN IT FAILED TO ADVISE THE *Page 4 
DEFENDANT-APPELLANT, WHO WAS PRO SE, THE POSSIBLE PUNISHMENTS ASSOCIATED WITH THE CHARGES FILED AGAINST HIM."
 II. {¶ 7} We address Wilkerson's second assignment of error out of order because it is dispositive. Wilkerson contends that the trial court erred when it did not inform him of the possible penalties associated with each charged offense. He asserts that he needed this information so that he could "make an intelligent and informed decision as to the necessity for the assistance of counsel." He maintains that the trial court could not have inferred that he waived his right to counsel when he did not know the possible penalties.
 {¶ 8} This issue presents us with a question of law. "We review questions of law de novo." Cuyahoga Cty. Bd. of Commrs., supra, at ¶ 23.
 {¶ 9} The Sixth Amendment to the United States Constitution, and Section 10, Article 1 of the Ohio Constitution guarantee the right to assistance of counsel in all criminal prosecutions that may result in jail sentences. State v. Wellman (1974), 37 Ohio St.2d 162, 171, citingArgersinger v. Hamlin (1972), 407 U.S. 25. In Ohio, the right to assistance of court-appointed counsel in criminal cases is a factual issue that does not necessarily depend on the defendant's indigency or whether he or she should be able to employ counsel, but on whether, in fact, the defendant is "unable" to employ counsel. State v. Tymcio
(1975), 42 Ohio St.2d 39, 45; State v. McLean (1993),87 Ohio App.3d 392, 395. *Page 5 
 {¶ 10} Here, the trial court informed Wilkerson of his right to counsel and to appointed counsel if indigent. Wilkerson first told the court that he wanted to hire counsel. Later, Wilkerson told the court that he could not afford counsel because of all the charges. When the court inquired and learned that Wilkerson had a job, the court did not inquire further. Therefore, we find that the court erred when it ignored the Tymcio rule.
 {¶ 11} The next issue we must resolve is whether Wilkerson waived his right to counsel.
 {¶ 12} Waiver of the right to counsel can be express or implied.State v. Glasure (1999), 132 Ohio App.3d 227, 234. However, we must indulge every reasonable presumption against a waiver of fundamental constitutional rights. Brewer v. Williams (1977), 430 U.S. 387;Johnson, supra. Therefore, before a defendant can waive the right to counsel, the court must be satisfied that the defendant made an intelligent and voluntary waiver of the right with the knowledge that he will have to represent himself. State v. Ebersole (1995),107 Ohio App.3d 288, 293, citing Faretta v. California (1975), 422 U.S. 806, andState v. Gibson (1976), 45 Ohio St.2d 366.
 {¶ 13} The court must inform the defendant of the dangers inherent in selfrepresentation before permitting him to proceed without counsel.Glasure at 227; Ebersole at 293, citing Faretta and Gibson. "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range ofallowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad *Page 6 
understanding of the whole matter." (Emphasis added.). State v.Evans (1991), Pike App. No. 454, citing Von Moltke v. Gillies (1948),332 U.S. 708, 723-724 (plurality opn. of Black, J.).
 {¶ 14} Crim.R. 44, which covers the assignment of counsel and waiver of counsel, provides: "Where a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." Crim.R. 44(B). The rule further provides that "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." Crim.R. 44(C). Strict compliance with the procedure outlined in Crim.R. 44 is not necessary, so long as the court follows the substance and spirit of that rule. Ebersole, supra,107 Ohio App.3d at 293, 668 N.E.2d 934, citing State v. Overholt (1991),77 Ohio App.3d 111, 601 N.E.2d 116. Accordingly, if the record reflects substantial compliance with the procedural rule, the court may find an implied waiver. Id.
 {¶ 15} Even where the waiver of counsel is implied, the court must make a pretrial inquiry to determine that the waiver is knowing, intelligent and voluntary. Glasure at 236, citing United States v.Allen (C.A.10, 1990), 895 F.2d 1577, 1579. When a defendant who, though financially able, fails to retain counsel in an attempt to delay or otherwise frustrate the judicial process, the court may find an implied waiver. See State v. Hook (1986), 33 Ohio App.3d 101. However, to infer such a waiver, the court must take into account the total circumstances of the individual case, including the defendant's background, experience, and conduct. Glasure at 236, citing Hook at 103. *Page 7 
 {¶ 16} In Hook, the defendant was experienced with the judicial system or that case in particular since it had already been tried, and then reversed and remanded for a new trial. It was clear that the defendant was aware of the nature of the charges, the possible defenses, and the evidence the state would present, and therefore the trial court could properly infer the defendant's waiver of his right to counsel. In contrast, the waiver of counsel cannot be implied when the trial court fails to make any attempt to inform the defendant of the gravity of his decision to proceed to trial without counsel. Glasure at 236, citingState v. Weiss (1993), 92 Ohio App.3d 681.
 {¶ 17} Here, Wilkerson did not expressly waive his right to counsel. Further, we cannot find that Wilkerson waived his right to counsel by implication because the court did not make any attempt to inform Wilkerson of the gravity of his decision to proceed to trial without counsel. The state concedes that the court never informed Wilkerson of the possible penalties at any of the hearings, i.e., information Wilkerson claims he needed to make an informed decision about retaining counsel. See Evans, supra, citing Gillies. Once the trial court found out that Wilkerson was employed, it simply did not inquire further.
 {¶ 18} Therefore, because the trial court failed to adequately inform Wilkerson of the penalties and other dangers inherent in self-representation, and because the court ignored the Tymcio rule and failed to make a pretrial inquiry to determine that the waiver of counsel was knowing, intelligent, and voluntary, we find that the trial court effectively deprived Wilkerson of his constitutional right to counsel. *Page 8 
 {¶ 19} As far as our remedy, we can either (1) remand the case for a new trial or (2) modify the judgment by striking the jail sentence.State v. Marshall (Nov. 6, 1986), Scioto App. No. 1593, citing as examples State v. Kleve (1981), 2 Ohio App.3d 407 (case remanded for a new trial) and State v. Haag (1976), 49 Ohio App.2d 268 (jail sentence vacated but conviction affirmed as modified). Either action by this court is proper. Id. However, we should follow the most equitable procedure. Id.
 {¶ 20} Here, the trial court set the case for a jury trial, and thus, led Wilkerson to believe that he would have a jury trial. In addition, without counsel, Wilkerson apparently did not know that he had to file a "notice of alibi" before he could use it as a defense. Therefore, we believe the most equitable procedure is to remand this cause to the trial court for a new trial. See, generally, Jackson v. Wickline,153 Ohio App.3d 743, 2003-Ohio-4354; State v. Ferguson, Jackson App. No. 04CA13, 2005-Ohio-1438; and State v. Tackett, Jackson App. No. 04CA12,2005-Ohio-1437.
 {¶ 21} Accordingly, we sustain Wilkerson's second assignment of error, vacate his five convictions and sentences, and remand this cause to the trial court for proceedings consistent with this opinion.
 III. {¶ 22} In his first assignment of error, Wilkerson contends that the trial court deprived him of his constitutional right to a jury trial. Because Wilkerson will have the opportunity to make a written request for a jury trial on remand, we find that our resolution of Wilkerson's second assignment of error renders his first assignment of error moot. Accordingly, we decline to address it. See App.R. 12(A)(1)(c). *Page 9 
 JUDGMENTS VACATED AND CAUSE REMANDED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the FIVE JUDGMENTS OF CONVICTION AND SENTENCE BE VACATED and this CAUSE REMANDED to the trial court for further proceedings consistent with this opinion and Appellee pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and McFarland, J.: Concur in Judgment Only.
 *Page 1