[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from a conviction and sentence of incarceration on the misdemeanor offenses of procuring, in violation of R.C. 2907.23(B), and operating a massage establishment and employing an unlicensed masseuse, in violation of R.C. 503.42(C)(1). Appellant assigns error to the trial court's denial of her presentence motion to withdraw her guilty plea. We reverse.
On April 11, 1997, appellant Kum Suk Hutcheson, was arrested at her place of employment, a health spa located in Liberty Township, Ohio. After her arrest, appellant was taken to the police station where a police detective attempted to explain to her the nature of the charges. It is unclear whether appellant, a native of Korea who is not fluent in the English language, thereafter understood the nature of the charges against her.
On April 15, 1997, appellant appeared before a magistrate in the Girard Municipal Court for her initial appearance. She was not represented by counsel. Although the parties do not dispute that appellant waived her right to counsel and entered a plea of guilty to the charges, the proceedings were not recorded.
On May 15, 1997, appellant, through counsel, moved the trial court to allow her to withdraw her guilty plea. She contended that she had not knowingly and voluntarily waived her constitutional rights. Following a hearing on the issue, the trial court denied her motion and sentenced her on both offenses. The combined sentence imposed, although partially suspended, included two hundred forty (240) days of incarceration.
Appellant was granted leave to file a delayed appeal. She asserts the following as her sole assignment of error:
 "The trial court abused its discretion by overruling the defendant-appellant's motion for leave to withdraw her plea of guilty, as that plea was not knowingly and voluntarily entered."
Appellant's assignment of error is that the trial court erred in denying her presentence request to withdraw her guilty plea. A presentence motion to withdraw a guilty plea should be freely granted. State v. Xie (1992), 62 Ohio St.3d 521, 527. Appellant's challenge to her plea was that she had not knowingly or voluntarily entered her plea or waived the corresponding constitutional rights.
Although the trial court conducted a hearing on this issue, the court's review failed to delve into whether appellant fully understood the constitutional rights she waived when she pleaded guilty. Moreover, because the record fails to demonstrate that appellant was even advised of her constitutional rights prior to entering her plea, the trial court abused its discretion in refusing to allow her to withdraw it.
Because appellant appeared at her initial appearance unrepresented by counsel, Crim.R. 5 obligated the trial court to advise her of certain rights including her right to counsel. The trial court was required to advise her that she had the right to counsel even if she planned to plead guilty, that she had the right to a continuance to obtain counsel, and that she had the right to court-appointed counsel if she was unable to afford counsel. See Crim.R. 10(C). The record fails to demonstrate that appellant was advised of these rights. Although the parties do not dispute that appellant waived her right to counsel, the trial court was required by both Crim.R. 22 and Crim.R. 44 to record the advice and the waiver, which it did not do. The failure of the record to demonstrate that appellant was afforded her constitutional right to counsel was, in itself, a sufficient reason to allow appellant to withdraw her plea. State v. Kennerly
(May 26, 1989), Portage App. No. 88-P-2001, unreported, at 9.
Moreover, Crim.R. 11(E) provides that, before accepting a plea of guilty or no contest in a misdemeanor case involving a petty offense, the trial court must inform the defendant of the effect of the plea, including an explanation of the constitutional rights that the defendant waives by entering a plea of guilty. GarfieldHeights v. Brewer (1984), 17 Ohio App.3d 216, 217-218. Where the possibility of incarceration exists, as it did here, the trial court must conduct a meaningful dialogue with the defendant before accepting a guilty plea. The trial court's compliance with Crim.R. 11(E) must be affirmatively demonstrated on the record.Id.
Although the trial court apparently held a hearing at the time it accepted appellant's plea, the proceeding was not recorded. The record, therefore, fails to demonstrate that the trial court complied with the requirements of Crim.R. 11(E). Moreover, there is evidence in the record that appellant is not fluent in the English language and that she was confused about the nature of the charges against her. This evidence, given the trial court's failure to comply with Crim.R. 11(E), strongly evidences an arbitrary attitude by the trial court in refusing to allow appellant to withdraw her plea.
Furthermore, even if the trial court had not erred in rejecting appellant's challenge to her plea, it was without authority to impose a sentence of incarceration. A sentence of incarceration cannot be imposed unless a defendant was afforded her Sixth Amendment right to counsel at the time her guilt was determined. See Argersinger v. Hamlin (1972), 407 U.S. 25, 37, 32 L.Ed.2d 530,538. Embodying this constitutional principle, Crim.R. 44(B) provides:
 "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel."
Because the plea proceeding was not recorded, there is nothing in the record to indicate whether the trial court conducted any inquiry into appellant's ability to obtain counsel or her waiver of her right to counsel. Pursuant to Crim.R. 44(C) and (D), the trial court was required to make a record of its advice to appellant regarding her right to counsel and her waiver of that right. Because no inquiry into appellant's waiver of counsel appears in the record, we must presume that none occurred. Given that appellant was not represented by counsel at the time she entered her guilty plea, and there is nothing in the record to indicate a valid waiver of her right to counsel, any sentence of confinement imposed by the trial court would have to be vacated. See State v. Haag (1976), 49 Ohio App.2d 268, 271; Crim.R. 44(B).
Faced with a record that failed to demonstrate the propriety of appellant's guilty plea, the trial court abused its discretion by refusing to allow appellant to withdraw her plea. Appellant's assignment of error is sustained. The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion. _______________________________________________________ JUDGE EDWARD J. MAHONEY, Ret., Ninth Appellate District, sitting by assignment.
FORD, P.J., concurs with Concurring Opinion,
CHRISTLEY, J., concurs.
 CONCURRING OPINION