The STATE of Ohio, Appellee,

v.

CAYNOR, Appellant.

[Cite *State v. Caynor* (2001), 142 Ohio App.3d 424.]

Court of Appeals of Ohio,
Seventh District, Monroe County.

No. 821.

Decided June 12, 2001.

L. *Kent Reithmiller*, Monroe County Prosecuting Attorney, and *Thomas A. Hampton*, Assistant Prosecuting Attorney, for appellee.

*Ronald M. Caynor, pro se.*

WAITE, Judge.

This appeal arises from the trial court's denial of Appellant's motion to withdraw his no-contest plea. For the following reasons, we reverse the judgment of the trial court.

On February 28, 1999, appellant, Ronald Caynor, was traveling north on St. Rt. 7 in Monroe County when he was stopped by an Ohio Highway Patrol officer. Appellant was cited for driving without an operator's license in violation of R.C. 4507.02(A)(1) and for speeding in violation of R.C. 4511.21(D)(1). Appellant was arraigned on March 1, 1999, in the Monroe County Court. At the arraignment, appellant signed a form journal entry captioned "Journal Entry on Arraignment Plea Entered," indicating that he entered a plea of no contest. Also at his arraignment, the trial court completed a form journal entry captioned "Docket and Journal Entry Plea of Guilty or No Contest No Contest [*sic*]—Sentence Imposed." According to appellant, the response "No Answer" was entered on this form on a line designated for the plea entered to the charge of driving without an operator's license. The journal entry indicates that the speeding charge was dismissed pursuant to a plea agreement and that appellant was found guilty and sentenced to one hundred eighty days in jail with ninety days suspended and ordered to pay a $500 fine and to pay costs of $53 on the remaining charge.

On March 3, 1999, appellant filed a motion to withdraw his plea and for the appointment of counsel. A hearing was held on that date regarding the motion. Appellant explained to the court that he was driving because his wife was experiencing migraine headaches and that he was taking her to a nearby relative's house. After the hearing, the trial court filed a journal entry denying appellant's motion. The trial court ruled that there was no valid defense to the charge, stating that appellant's explanation that his wife was ill did not arise to the level of a "substantial emergency" under R.C. 4507.02(2)(E)(1).

Appellant filed his notice of appeal on March 9, 1999. Appellee, the state of Ohio has not filed a brief in this matter. Therefore, we may accept appellant's statement of facts and issues as correct and reverse the judgment if that action reasonably appears to be supported by appellant's brief. App.R. 18(C).

Appellant's sole assignment of error alleges:

"The trial court abused its descretion [*sic*] and prejudiced the appellant by allowing the uncounseled plea at initial court appearance."

Appellant asserts that he was denied his right to counsel and that the trial court erred in accepting his uncounseled plea. Upon reviewing the record before us, we must agree with appellant and remand this matter to the trial court.

Appellant was arraigned, entered his plea, and was sentenced all on the same day. It does appear that appellant is correct in stating that he made no answer when asked to plead, as this appears on the form journal. Further, appellant promptly requested to withdraw his plea, filing the motion only two days later, although as earlier stated, he had already been sentenced. Due to the incomplete nature of the record before us, these become important considerations in our analysis.

Crim.R. 11(E) governs pleas in misdemeanor cases involving "petty offenses." Crim.R. 2(D) defines "petty offense" as "a misdemeanor other than serious offense." Crim.R. 2(C) defines "serious offense" as "any felony and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Appellant was charged with a violation of R.C. 4507.02(A)(1), which, pursuant to R.C. 4507.99(H), is a first-degree misdemeanor. Pursuant to R.C. 2929.21, a first-degree misdemeanor is punishable with six months imprisonment. Accordingly, the trial court was bound by Crim.R. 11(E), which reads as follows:

"In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

"The counsel provisions of Rule 44(B) and (C) apply to this subdivision."

Crim.R.44(B) and (C) provide that:

"(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

"(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."

Crim.R. 22 provides that in "petty offense cases all waivers of counsel required by Rule 44(B) *shall be recorded.*" (Emphasis added.)

The requirements of the Criminal Rules are mandatory, and all waivers of counsel must be made in open court and must be recorded. *Garfield Hts. v. Brewer* (1984) 17 Ohio App.3d 216, 217, 17 OBR 458, 459, 479 N.E.2d 309, 311 citing *State v. Haag* (1976), 49 Ohio App.2d 268, 3 O.O.3d 301, 360 N.E.2d 756. Moreover, the Sixth Amendment right to counsel extends to misdemeanor cases

that could result in the imposition of a jail sentence. *Id.*, citing *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. Courts indulge every reasonable presumption against a waiver of fundamental constitutional rights. *Id.*, citing *Brewer v. Williams* (1977), 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424. Therefore, that waiver must affirmatively appear on the record. *Id.*, citing *State v. Haag, supra; Cleveland v. Whipkey* (1972), 29 Ohio App.2d 79, 58 O.O.2d 86, 278 N.E.2d 374. Likewise, a knowing and intelligent waiver will not be presumed from a silent record. *Id.*, citing *Carnley v. Cochran* (1962), 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, 77–78.

█ Appellant has not filed a transcript of his arraignment from which we could accurately determine whether the trial court complied with mandatory requirements in accepting appellant's waiver of counsel. However, the record does contain the aforementioned "Journal Entry on Arraignment Plea Entered," signed by appellant, which indicates that he was advised of his constitutional rights including the right to counsel. "Regardless, a written waiver of counsel is not a substitute for compliance with the Criminal Rules which require an oral waiver in open court before a judge *which is recorded.*" (Emphasis *sic.*) *Brewer*, 17 Ohio App.3d at 217, 17 OBR at 459, 479 N.E.2d at 312 citing *Cuyahoga Falls v. Simich* (1982), 5 Ohio App.3d 10, 12, 5 OBR 11, 13, 448 N.E.2d 839, 841–842; *State v. Minor* (1979), 64 Ohio App.2d 129, 131, 18 O.O.3d 98, 99–100, 411 N.E.2d 822, 824. Nor does the written waiver comply with the constitutional mandate that the waiver affirmatively appear on the record. *Id.*, at 217, 17 OBR at 460, 479 N.E.2d at 312.

█ Normally, the proceedings in a lower court are deemed to be correct in the absence of a transcript of those proceedings. *Id.*; *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385–386. We have already noted that it is appellant's duty to provide a transcript or, in its stead, one of the acceptable alternatives provided in App.R. 9. However, the waiver of a constitutional, statutory, or other substantial or fundamental right must affirmatively appear in the record. *Id.*, citing *State v. Haag, supra*, at 271, 3 O.O.3d 301, 303, 360 N.E.2d 756, 759. Since the recording of waiver of counsel is mandatory and the presumption is against a waiver of counsel, the state has the burden to show compliance with the rules. *Id.* See, also, *State v. Dyer* (1996), 117 Ohio App.3d 92, 96, 689 N.E.2d 1034, 1036. Thus, we appear to have something of a conflict in rules before us, one requiring appellant to provide us with a complete record and one requiring the state to affirmatively show compliance with the rules surrounding waiver of counsel. Additionally, the State has completely failed to respond in this appeal. Pursuant to rule, we are thus free to accept appellant's statements of facts and issues as correct, as earlier stated. Given this rule and the fact that a constitutional right

is involved, a review of the record as it is presented leads us to the conclusion that the state has not met its burden to demonstrate a proper waiver of counsel, and we are disinclined to presume that such a waiver occurred. See *Brewer,* and *State v. Dyer, supra,* where the facts are virtually identical to those presented herein and the courts held that despite the duty of an appellant to provide a transcript of hearing, it is the state's duty to affirmatively show on review that a waiver of counsel was properly made and recorded.

Accordingly, we hold that appellant's assignment of error has merit. We reverse the judgment and sentence of the trial court, vacate and set aside appellant's no-contest plea, and remand this matter for further proceedings consistent with law and this opinion.

*Judgment reversed*
*and cause remanded.*

GENE DONOFRIO and DEGENARO, JJ., concur.