OPINION *Page 2 
{¶ 1} Defendant-appellant Billy J. Thompson appeals his conviction and sentence from the Fairfield County Court of Common Pleas on one count of driving while under the influence of alcohol or drugs, a felony of the fourth degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 7, 2006 an officer of the Ohio Highway Patrol encountered appellant operating a motor vehicle in an erratic manner. [T. at 14-15.] Based on several factors, the officer believed appellant to be under the influence of an alcoholic beverage and, eventually, obtained a warrant authorizing a blood sample to be withdrawn from appellant. [T. at 15-19.] The analysis of appellant's blood sample showed him to have a prohibited level of alcohol in his blood at the time of his encounter with the trooper. [T. at 20.]
 {¶ 3} Further testimony was presented and exhibits entered to show that appellant was previously convicted of three prior violations of R.C. 4511.19. Specifically, State's exhibit 1, 2, and 3 demonstrated appellant's prior convictions. [T. at 20-23.] Each of these convictions occurred within the six years preceding the instant offense. [T. at 24.]
 {¶ 4} Appellant was indicted on two counts of driving under the influence, felonies of the fourth degree. Count 1 alleged a violation of R.C. 4511.19(A) (1) (a), driving while under the influence. Count 2 alleged a per se violation pursuant to R.C. 4511.19(A) (1) (B). Both counts set forth appellant's three prior convictions in the Fairfield Municipal Court. *Page 3 
 {¶ 5} On August 18, 2006, a motion was filed on behalf of appellant challenging the constitutionality of the prior convictions identified in the indictment as predicate offenses to enhance the current charges to a felony level. After a proper acceptance of a waiver of jury trial executed by appellant, a bench trial was held on the matter on November 6, 2006. Throughout the trial, counsel for appellant continued to challenge the use of the prior convictions to enhance the instant charge. [T. at 5-7, 27, 28, 29-30] .
 {¶ 6} After the trial, the trial court judge announced his decision:
 {¶ 7} "The Court makes the following factual findings: In this case, Trooper Rusty Laming of the State Highway Patrol, with seven and a half years of experience, on June the 7th, 2006, while on duty in Lancaster, Fairfield County, Ohio, and in uniform in a marked vehicle . . . observed the Defendant operate a vehicle on Pierce Avenue striking the curb several times and being out of his marked lane several times . . .
 {¶ 8} "The Defendant had fictitious license tags on the vehicle. The Defendant's eyes were red and glassy. He had slurred speech. The trooper noticed a odor of an alcoholic beverage . . . on the Defendant's breath.
 {¶ 9} "Several tests were performed by the trooper and. Appellant was arrested. After Appellant refused a chemical test, a search warrant was obtained for blood. The blood was drawn at the Fairfield Medical Center. The blood sample was mailed to the Ohio State Patrol Crime Lab.
 {¶ 10} "The State Highway Patrol Crime Lab's laboratory report showed an alcohol result of 0.134 grams of weight of alcohol per 100 milliliters of whole blood. The initial arrest was based on the officers training, experience, and ability to notice impaired drivers." [T. at 34-36] . *Page 4 
 {¶ 11} The trial court then discussed appellant's prior convictions:
 {¶ 12} "Each of the acknowledgment of rights forms advises the Defendant of his statutory and constitutional rights in misdemeanor cases. Each of these forms in each of those three misdemeanor cases indicates essentially that the Defendant has the right to retain counsel. You have a right to have counsel assigned without cost if you are unable to employ counsel where such right exists. You have a right to a reasonable continuance in the proceeding to secure counsel.
 {¶ 13} "Each of these forms — at least under — the acknowledgment and waiver form and the acknowledgment of rights forms in all three cases state that the Defendant acknowledges that he has a right to counsel and `I choose not to be represented by an attorney in this case.' Each of those waivers appears to have been signed by Billy J. Thompson, II." [T. at 37-38] .
 {¶ 14} The Court made the following findings in this case:
 {¶ 15} "The Court, in this case, finds that the Defendant, Billy J. Thompson, II, is guilty of the offense of operating a vehicle while under the influence under Section 4511.19(A)(1)(a) of the Ohio Revised Code, and is guilty of the offense of operating a vehicle while under the influence of alcohol under Section 4511.19(A) (1) (b) .
 {¶ 16} "The Court finds the Defendant guilty of each of these two offenses and finds that the State has proved by proof beyond a reasonable doubt the Defendants guilt based on the factual findings made by the Court here on the record.
 {¶ 17} " . . . the Court finds that the State has demonstrated evidence by proof beyond a reasonable doubt that the Defendant, Billy J. Thompson, II, was previously convicted of three — previous to the filing of this case, three charges of operating a *Page 5 
motor vehicle or a vehicle while under the influence. All three cases being in Fairfield County Municipal Court: One Case No. 00-TRC7690, July 5th, 2000; the second, 02-TRC-11344, August 21, 2002; and Fairfield County Municipal Court Case No. 03-TRC-5174, September 15, 2003. And that the documentation, the exhibits, demonstrate that the Defendant had pled guilty to an offense of 4511.19 of the Ohio Revised Code, at least one of the subsections; and I believe in some cases, several of the subsections.
 {¶ 18} "And the Court makes those additional findings in support of the Court's decisions to find the Defendant guilty of a felony offense. So the Court finds that this would be the — specifically, that these two offenses in this case before the Court today are felony offenses, being a fourth offense within a six-year time period." [T. at 37-39; 40-41] .
 {¶ 19} On December 11, 2006, the appellant was sentenced to twenty-four (24) months in prison, with sixty (60) days of that to be mandatory and the balanced suspended in exchange for the defendant entering into and successfully completing an inpatient treatment program. The trial court merged the two OVI counts for sentencing purposes. [T. Dec. 11, 2006 at 8] .
 {¶ 20} It is from the trial court's findings that appellant has timely appealed raising as his sole assignment of error:
 {¶ 21} "I. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE IN QUESTION. SPECIFICALLY, THE TRIAL COURT COMMITTED HARMFUL ERROR IN DETERMINING THAT THE *Page 6 
PRIOR, UNCOUNSELLED CONVICTIONS OF THE DEFENDANT-APPELLANT WERE SUFFICIENT TO ENHANCE THE INSTANT CHARGE TO A FELONY OFFENSE."
 I. {¶ 22} At the outset, we note that appellant was represented by counsel in Fairfield County Municipal Court Case No. 2003TRC5174. Accordingly, appellant concedes that this conviction can be counted toward enhancing a later penalty. The instant appeal concerns appellant's prior convictions in Fairfield County Municipal Court Case Nos. 2000TRC7690 and 2002TRC11344.
 {¶ 23} In his sole assignment of error appellant maintains that the trial court erred in determining that his prior uncounseled convictions are valid prior conviction for penalty-enhancement purposes. We agree.
 {¶ 24} In general, a prior conviction cannot be collaterally attacked in a subsequent criminal case. However, a conviction cannot be used to enhance the degree of a subsequent offense if the prior conviction was obtained without assistance of counsel. Nichols v. United States (1994),511 U.S. 738; see, also, State v. Brandon (1989), 45 Ohio St.3d 85, 86.
 {¶ 25} The gravamen of the issue in this case is whether appellant's two prior OVI convictions can be used to enhance the charge sub judice.
 {¶ 26} The Sixth Amendment right to counsel extends to misdemeanor criminal cases that could result in the imposition of a jail sentence. See State v. Caynor (2001), 142 Ohio App.3d 424, 427-428,755 N.E.2d 984. A criminal defendant may waive this right to counsel either expressly or impliedly from the circumstances of the case. State v.Weiss (1993), 92 Ohio App.3d 681, 684, 637 N.E.2d 47. An effective waiver requires *Page 7 
the trial court to "* * * make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." State v. Gibson (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, paragraph two of the syllabus. In order to have a valid waiver, the trial court must be satisfied that the defendant made an intelligent and voluntary waiver with the knowledge that he will have to represent himself, and that there are dangers inherent in self-representation.State v. Ebersole (1995), 107 Ohio App.3d 288, 293, 668 N.E.2d 934, citing Faretta v. California (1975), 422 U.S. 806, 814, 95 S.Ct. 2525,45 L.Ed.2d 562. A written waiver of counsel is not a substitute for a waiver in open court. City of Garfield Heights v. Gipson (1995),107 Ohio App.3d 589, 669 N.E.2d 264; State v. Songer, 5th
Dist. No. 01 CA 82, 2002-Ohio-2894.
 {¶ 27} Normally, the proceedings in a lower court are deemed correct in the absence of a transcript of those proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385-386. It is appellant's duty to provide a transcript or, in its stead, one of the acceptable alternatives provided in App.R. 9. However, the waiver of a constitutional, statutory, or other substantial or fundamental right must affirmatively appear in the record. Id., citing State v. Haag
(1976), 49 Ohio App.2d 268, 271, 360 N.E.2d 756, 759. Since the recording of waiver of counsel is mandatory and the presumption is against a waiver of counsel, the state has the burden to show compliance with the rules. Id. See, also, State v. Dyer (1996), 117 Ohio App.3d 92,96, 689 N.E.2d 1034, 1036.
 {¶ 28} We find the recently decided case of State v. Brooke,113 Ohio St.3d 199, 2007-Ohio-1533, syllabus, 863 N.E.2d 1024 to be controlling: *Page 8 
 {¶ 29} "1. For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived.
 {¶ 30} "2. Waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court. (Crim.R.44(C), applied.)"
 {¶ 31} In Brooke, the defendant filed a motion to dismiss the indictment or for alternative relief, along with an affidavit stating that for each of her three previous OVI convictions she had been unrepresented by counsel, pleaded guilty, and received jail time. She alleged that because the earlier convictions were uncounseled and led to incarceration, they could not be used to enhance her pending misdemeanors to felonies. The defendant also filed copies of the transcripts of the plea hearings from the two Chardon convictions and an affidavit from a court bailiff in Willoughby Municipal Court, who confirmed that no court record was available for the July 1, 1998 plea hearing in that court. The state responded with copies of three written and filed waivers of counsel signed by the defendant.113 Ohio St.3d at 200, 2007-Ohio-1533 at ¶ 3, 863 N.E.2d at 1026-1027. Of relevance to the case at bar is the Ohio Supreme Court's analysis of Brooke's second OVI conviction. In that instance, "[a] court bailiff testified by affidavit that no oral record or transcript of the hearing existed because any such record had been disposed of in accordance with the court's `standard record retention policy.' The state, however, produced a written "waiver of counsel" signed by Brooke at her *Page 9 
plea hearing. . . ." 113 Ohio St.3d at 205, 2007-Ohio-1533 at ¶ 40,863 N.E.2d at 1030. In the case at bar, the record contains neither testimony nor explanation concerning the availability of transcripts of the plea hearings concerning the two prior convictions.
 {¶ 32} The written waiver in Brooke provided:
 {¶ 33} "Defendant appeared in open court this 1st day of July, 1998 and was advised by this Court
 {¶ 34} "(1) of the nature of the charge against him: [sic, throughout]
 {¶ 35} "(2) that he has the right to an attorney and the right to a reasonable continuance in the proceedings to secure one, and pursuant to Rule 44, the right to have counsel assigned without cost to himself if he is unable to obtain one.
 {¶ 36} "Moreover, Defendant was asked if he understood all of thesethings, and satisfied this court that he did and that he wishes to waivehis right to counsel.
 {¶ 37} "THEREFORE, I affix my signature below with that of Defendant to attest that the foregoing procedure was observed and that Defendant hereby waives his right to an attorney."
 {¶ 38} "The entry was signed by both Brooke and the judge and filed with the court." 113 Ohio St.3d at 205, 2007-Ohio-1533 at ¶ 41-46,863 N.E.2d at 1029. [Emphasis added].
 {¶ 39} In finding that this uncounseled plea may be counted toward enhancing a later penalty, the Court stated:
 {¶ 40} "Here the entry has recorded what occurred during the plea hearing of this misdemeanor. There is evidence that the court made afinding that the right to counsel *Page 10 
was knowingly and voluntarily waived." 113 Ohio St.3d at 205,2007-Ohio-1533 at ¶ 47, 863 N.E.2d at 1031. [Emphasis added].
 {¶ 41} In the case at bar, the written waiver filed in Case No. 02TRC11344, admitted as State's Exhibit A, begins with the following recitation: "The following are your rights in court. Read them carefully. If you have questions about any of these rights ask the judge when your case is called."
 {¶ 42} The waivers in the case at bar simply recite that the appellant was "informed by the court." Although the forms purported to explain the appellant's constitutional rights, each form concludes: "Knowing and understanding this, I now voluntarily state that I choose not to be represented by an attorney in this case. I [further] voluntarily waive and relinquish my right to a trial by jury [where such right exists], and elect to be tried by a judge of the Court in which the case is pending and enter a plea of (no contest) (guilty) to the charge(s) of: . . ."
 {¶ 43} The word "guilty" is circled on each plea form. The appellant's signature but neither counsel for appellant nor the trial court's signatures appear on either form.
 {¶ 44} Unlike the waiver in Brooke, the two waivers in the case at bar contain no finding by the trial court that the right to counsel was knowingly and voluntarily waived.
 {¶ 45} The waiver forms do not indicate that the appellant was "asked if he understood all of these things, and satisfied this court that he did and that he wishes to waive his right to counsel." In addition, neither waiver form was signed by the trial court.
 {¶ 46} In all cases where the right to counsel is waived, the court "must make sufficient inquiry to determine whether defendant fully understands and intelligently *Page 11 
relinquishes that right." State v. Gibson (1976), 45 Ohio St.2d 366,74 O.O.2d 525, 345 N.E.2d 399, paragraph two of the syllabus.
 {¶ 47} As the Ohio Supreme Court held in State v. Wellman (1974),37 Ohio St.2d 162, 66 O.O.2d 353, 309 N.E.2d 915, at paragraph two of the syllabus, "[presuming a waiver of the Sixth Amendment right of an accused to the assistance of counsel from a silent record is impermissible. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. (Carnley v. Cochran, 369 U.S. 506 [82 S.Ct. 884,8 L.Ed.2d 70], followed.)" Brooke, supra, 113 Ohio St.3d at 203-204,2007-Ohio-1533 at ¶ 25, 863 N.E.2d at 1029.
 {¶ 48} In the case at bar the record contains no evidence that the prior waivers of the right to counsel were made on the record in open court, nor shown through the court's colloquy with the appellant to have been knowingly and voluntarily made. Brooke, supra,113 Ohio St.3d at 206, 2007-Ohio-1533 at ¶ 54, 863 N.E.2d at 1031. *Page 12 
 {¶ 49} Accordingly, the appellant's sole assignment of error is sustained. The judgment of the Fairfield County Court of Common Pleas is reversed and this matter is remanded for further proceedings.
 Gwin, P.J., and Wise, J., Hoffman, J., concurs separately *Page 13