OPINION *Page 2 
{¶ 1} Defendant-appellant Terry Beekman appeals a judgment of the Municipal Court of Licking County, Ohio, which convicted and sentenced him for one count of telecommunications harassment in violation of R.C. 2917.21 (B), a misdemeanor of the first degree, after a bench trial. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 {¶ 3} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO A PERIOD OF INCARCERATION WHEN THE RECORD FAILS TO DEMONSTRATE THAT THE DEFENDANT-APPELLANT EITHER APPEARED WITH COUNSEL OR EXECUTED A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL."
 {¶ 4} The record indicates appellant was arrested on a warrant on April 3, 2008, and released on his own recognizance after he entered a plea of not guilty. The State argues during the arraignment, appellant sat through a videotaped explanation of his rights and executed a written waiver of a private or court-appointed attorney. However, the record contains no acknowledgement appellant viewed the video, and does not contain a transcript of the video explanation of rights.
 {¶ 5} The pamphlet which appellant initialed and signed states:
 {¶ 6} "***
 {¶ 7} (4) You have the right to retain an attorney even if you intend to plead guilty and a right to a reasonable continuance to secure an attorney for this purpose. *Page 3 
 {¶ 8} "(5) If you do not intend to be represented by an attorney, you will be asked to sign the waiver of an attorney located at the end of this pamphlet."
 {¶ 9} On the last page of the pamphlet, it states:
 {¶ 10} "COURT APPOINTED ATTORNEY
 {¶ 11} "This court is not served by a public defender, but it uses a court-appointed attorney system. To receive a court appointed attorney, you must fill out a written application, which will require that you provide such information as your address, place of employment, income for yourself as well as other members of your household, and certain expenses, so a determination can be made as to whether or not you qualify for a court appointed attorney. It is recommended that you do this as soon as possible and not delay requesting a court appointed attorney, as applications for court appointed attorneys at the time of trial are not looked upon favorably. Applications are obtained at the office of the Clerk of the Municipal Court, 40 West Main Street, Newark, Ohio or at the Licking County Justice Center, 115 East Main Street, Newark, Ohio from a corrections officer.
 {¶ 12} "Waiver of Private or Court Appointed Attorney
 {¶ 13} "(This waiver is only to be signed if you intend to proceed without an attorney).
 {¶ 14} "It has been explained to me that I have a right to a continuance in my case to talk to an attorney of my own choosing, or, if I am without funds to hire one, I can ask the judge to appoint one to represent me. Knowing this, I now voluntarily acknowledge and state that I do not want to be represented by an attorney in this case."
 {¶ 15} Appellant initialed each of the above portions and signed the waiver. *Page 4 
 {¶ 16} On May 7, 2008, the court called the matter for trial. The court addressed appellant, saying, "You are here without an attorney. You don't wish to be represented by an attorney?" When appellant replied in the affirmative, the court indicated appellant should sign a piece of paper saying he was waiving his right to a privately retained or court appointed attorney. Appellant signed another acknowledgment that he was waiving his right to counsel.
 I II {¶ 17} The Sixth Amendment to the United States Constitution in Section 10, Article l of the Ohio Constitution provides a criminal defendant has a right to counsel. The right to counsel extends to misdemeanor criminal cases that could result in the imposition of a jail sentence, see State v. Caynor (2001), 142 Ohio App. 3d 424,2001-Ohio-3298, 755 N.E.2d 984. A criminal defendant may waive his right to counsel, but an effective waiver requires the court to make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes the right to counsel. State v.Gibson (1976), 45 Ohio St. 2d 366, 345 N.E.2d 399, syllabus by the court, paragraph two. The defendant must make an intelligent and voluntary waiver with the knowledge he will have to represent himself, and that there are dangers inherent in self representation. State v.Ebersole (1995), 107 Ohio App. 3d 288, 293, 668 N.E.2d 934, citingFaretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562.
 {¶ 18} Ohio Crim. R. 11 and 44 provide a waiver of counsel shall be in open court, and in serious offenses, the waiver shall be in writing.
 {¶ 19} The record before us does not demonstrate the court engaged in a meaningful dialogue with the appellant to determine whether his waiver was made *Page 5 
knowingly, intelligently, and voluntarily, whether he knew he would have to represent himself, and whether he understood that there are dangers inherent in self representation. Accordingly, we must conclude the record does not demonstrate appellant knowingly, intelligently, and voluntarily waived his right to counsel.
 {¶ 20} Both of the assignments of error are sustained.
 {¶ 21} For the foregoing reasons, the judgment of the Licking County Municipal Court is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
 Gwin, P.J., Farmer, J., and Delaney, J., concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee. *Page 1